IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT E. CHAMBERS, II, )
    Petitioner, )
)
    v. )    2:08-cv-01703
)
ATTORNEY GENERAL, et al., )
    Respondents. )

MEMORANDUM AND ORDER

Mitchell, M.J.:

Robert E. Chambers, II, has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Chambers is presently incarcerated the State Correctional Institution at Albion serving a five to ten year sentence imposed, following his conviction by a jury of possession with intent to deliver a controlled substance at No. 3823 of 2006, in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on August 28, 2007.[1]

An appeal was taken to the Superior Court in which the issues presented were:

A. Whether the trial court erred in denying the Appellant's pretrial motion to suppress evidence obtained by the New Kensington Police Department.

B. Whether the trial court erred in finding the evidence sufficient to sustain a verdict of guilty on the count of possession with intent to deliver cocaine.

---

[1] See: Petition at ¶¶ 1-6.

1

C. Whether the trial court abused its discretion in sentencing the Appellant to "stay out of New Kensington, Arnold and Lower Burrell" upon his release from prison as it is a direct violation of the due process clause of both the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania.[2]

On May 20, 2008, the Superior Court affirmed the judgment of sentence.[3] On October 8, 2008, leave to appeal was denied by the Pennsylvania Supreme Court.[4]

The petitioner apparently moved for an extension of time to file a post-conviction petition and leave was granted until September 22, 2008 to do so.[5] However, the respondents represent that there is no record "regarding the PCRA petition."[6]

In the instant petition which was executed on December 3, 2008, Chambers contends that he is entitled to relief on the following grounds:

> 1. The IV Amendment of the U.S. Constitution [apparently challenging the seizure of evidence which he had discarded and which resulted in his conviction].
>
> 2. Whether the trial court erred in finding that the evidence presented was sufficient to support a finding of guilt.
>
> 3. Due process under the U.S. and PA constitutions [referring to the portion of the sentence requiring that he "stay out of New Kensington, Arnold and Lower Burrell upon release" from custody].[7]

It is provided in 28 U.S.C. §2254(b) that:

---

[2] See: Attachment #1 to the answer of the Commonwealth at p.20a.

[3] See: Attachment #2 to the answer of the Commonwealth at pp.64a-68a and ¶ 10 of the petition.

[4] Id. at p.70a.

[5] Id. at pp.71a-74a.

[6] See: Answer at ¶ 10.

[7] See: Petition at ¶ 12.

2

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a

question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it would appear that the issues which the petitioner seeks to raise here have been raised in the courts of the Commonwealth, and are properly before this Court for consideration.[8] It would also appear that the petition is also timely filed.[9]

The background to this prosecution is set forth in May 20, 2008 Memorandum of the Superior Court in which it is noted:

> Officer Gary Schubert of the New Kensington Police Department, in response to a 911 dispatch regarding a possible drug deal in the area, pulled his patrol car up alongside Chambers and attempted to engage him in conversation; he asked Chambers if he would stop and speak with him, and asked him for his name.

---

[8] See: Answer of the Commonwealth at ¶ 14.

[9] Id. at ¶ 12.

4

Officer Schubert testified that Chambers fit the broadcast description of one of the three people involved. Chambers ignored the officer and continued to walk. Sgt. Robert Laporte, who also heard the dispatch, arrived in the area. Sergeant Laporte viewed Chambers walking on the sidewalk, "digging at his waistband." Sergeant Laporte saw Officer Schubert's patrol car as well as another patrol car in the area and he cautioned both. He then saw Chambers discard what looked like two paper towels. Following a pat-down search, which revealed nothing, the officer retrieved the discarded paper towels, which turned out to contain four baggies of cocaine with a combined weight of 23.4 grams.[10]

The first issue which Chambers raises here concerns the alleged illegal seizure of the cocaine and argues that it should have been suppressed. In <u>Stone v. Powell</u>, 428 U.S. 465 (1976), the Court held that where a state convict has had a full and fair opportunity to litigate his Fourth Amendment issue in state courts, a federal habeas court should not revisit the issue. See also: <u>Deputy v. Taylor</u>, 19 F.3d 1485 (3d Cir.), cert. denied 512 U.S. 1230 (1994). In her Opinion of December 4, 2007,[11] the trial court noted that in response to the petitioner's Omnibus pre-trial motion to suppress, a hearing was conducted on two separate dates following which the court concluded:

> The Defendant has not alleged that he had a valid possessory or privacy interest in the location (the public street) where the drugs were discarded. Therefore, the question becomes whether the paper towels were discarded voluntarily... Having previously determined that the initial police interaction with the Defendant was a mere encounter, which need not be supported by any level of suspicion or cause, and that the encounter did not escalate into an investigatory detention until the pat-down occurred, and having determined through the testimony that the Defendant discarded the paper towel while walking partially behind the dumpster. He then came back around the dumpster and approached the police officers, who had by that time stopped their cars and started to get out. Based upon these finding, the abandonment of the cocaine by the Defendant was not coerced by any

---

[10] See: Attachment # 2 to the answer of the Commonwealth at p.65a.

[11] See: Attachment 8 to the answer of the Commonwealth at pp. 328a-342a.

police illegality and was voluntary.[12]

Additionally, abandoned property is not subject to Fourth Amendment protection. <u>United States v. Pitts</u>, 322 F.3d 449 (7th Cir.), cert denied 540 U.S. 849(2003). Thus, the petitioner's Fourth Amendment claim does not provide a basis for relief here.

The next issue which Chambers raises here is that the evidence was insufficient to sustain the verdict. Where the sufficiency of the evidence is challenged, the question is whether any rational fact-finder could have found guilt beyond a reasonable doubt based on the evidence presented. <u>Orban v. Vaughn</u>, 123 F.3d 727 (3d Cir.1997), cert. denied 522 U.S. 1059 (1998). The petitioner was charged with possession with intent to deliver. From the recitation set forth above, it is clear that if believed, there was sufficient evidence upon which a reasonable fact-finder could find guilt beyond a reasonable doubt.

The final issue which the petitioner raises here seeks to challenge that portion of his sentence which requires that he not enter New Kensington, Arnold and Lower Burrell.[13] As part of the Order of Sentence, the Court added the following remark/comment/additional condition: "Stay out of New Ken[sington], Lower Burrell/Arnold Area."[14] At the sentencing hearing on August 28, 2007, following the imposition of a consecutive sentence to the one the petitioner was serving, the court commented, "In addition then, the defendant is to stay out of New Kensington, Arnold and Lower Burrell when he is released."[15] No objection was raised to this gratuitous

---

[12] Id. at pp. 336a-337a.

[13] The three are municipalities located in Westmoreland County, Pennsylvania.

[14] See: Attachment #1 to the answer a p.5a.

[15] See: Transcript of August 28, 2007 sentencing hearing at p.11. Docket entry No.11.

6

comment.[16]

In a habeas corpus petition challenging a sentence, the only matter before the court is whether the imposed sentence falls within the statutory range. United States ex rel. Jackson v. Myers, 374 F.2d 707 (3d Cir.1967); Cummings v. Burge, 581 F.Supp.2d 436 (W.D.N.Y. 2008).

In the present case, Chambers was convicted of violating 35 P.S. 780-113(a)(30), that is, possession with intend to deliver a controlled substance. The penalty, set forth in 35 P.S. 780-113(f) is imprisonment for a term not exceeding fifteen years. In the instant case, the petitioner was sentenced to a five to ten year period of incarceration, a term which is clearly within the statutory maximum. As such the term is not subject to challenge here.

Additionally, the petitioner contends that the court exceeded its authority in requiring that upon release from custody he not enter certain municipalities. As both the trial court and the Superior Court observed, where a sentence in excess of two years is imposed, under Pennsylvania law, the conditions of parole rest exclusively within the province of the Pennsylvania Board of Probation and Parole and not the trial court, citing 61 P.S. 331.17 and Lee v. Pennsylvania Bd. Of Probation and Parole, 885 A.2d 634 (Pa.Cmwlth.2005). Specifically, the trial court stated:

> the Defendant was sentenced to a period of incarceration of not less than five and not more than ten years incarceration at the Bureau of Corrections. It is acknowledged that the sentencing court does not have the authority to grant parole in such a sentence, where the maximum exceeds two years; such power is the exclusive province of the Pennsylvania Board of Probation and Parole... hence, the inclusion in any sentencing Order of Court involving a maximum period of incarceration of two years or more of language regarding a condition of parole is but a recommendation or suggestion only, and is clearly not mandatory or

---

[16] Id.

enforceable unless made a special condition of parole by the Board.[17]

Thus, because the record reveals that the state courts' decisions did not involve any improper interpretation or application of federal case law as determined by the United States Supreme Court, there is no basis here for granting relief. Accordingly, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[17] See: Attachment #8 to the answer of the Commonwealth at p.13.

ORDER

AND NOW, this 9th day of March, 2009, for the reasons set forth in the foregoing Memorandum, the petition of Robert E. Chambers, II, for a writ of habeas corpus is dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

s/ Robert C. Mitchell
United States Magistrate Judge